1   Larry D. Simons CLS-B (CA Bar No. 179239)
    *larry@lsimonslaw.com*
2   Frank X. Ruggier, CLS-B (CA Bar No. 198863)
    *frank@lsimonslaw.com*
3   **LAW OFFICES OF LARRY D. SIMONS**
    15545 Devonshire Avenue, Suite 110
4   Mission Hills, California 91345
    Telephone: 818.672.1778
5   Facsimile: 626.389.5607

6   Attorneys for Wesley H. Avery, Chapter 7 Trustee

7

8

9                   **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11

| | |
|---|---|
| 12   In re | Case No. 2:15-bk-10952 RN |
| 13   DEREK JENSEN, | Adv. Proc No. |
| 14         Debtor. | Chapter 7 |
| 15   WESLEY H. AVERY, Chapter 7 Trustee, | **COMPLAINT FOR DECLARATORY RELIEF** |
| 16         Plaintiff, | |
| 17   v. | DATE:  To be set by Summons<br>TIME:   To be set by Summons |
| 18   DEREK R. JENSEN, an individual, DILLANT | PLACE: Ctrm 1645<br>255 East Temple Street |
| 19   MANZUETA, an individual | Los Angeles, California 90012 |
| 20         Defendants, | |

21

22   **TO THE HONORABLE RICHARD NEITER, UNITED STATES BANKRUPTCY JUDGE**

23   **AND DEFENDANT:**

24          For his Complaint for Declaratory Relief (the "Complaint"), against the defendants, Derek

25   R. Jensen and Dillant Manzueta (collectively, the "Defendants"), plaintiff, Wesley H. Avery, the

26   duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtor, Derek R. Jensen

27   (the "Debtor"), hereby alleges as follows:

28

**Law Offices of Larry D. Simons**
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

**Law Offices of Larry D. Simons**
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

## STATEMENT OF JRISDICTION, PARTIES AND PROCEEDINGS

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(O).   Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under Title 11 of the United States Code which is still pending.

2.      Plaintiff, Wesley H. Avery (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 bankruptcy pending in the Los Angeles Division of the Central District of California which is styled *In re Derek Jensen*, Case Number 2:15-bk-10952 RN (the "Bankruptcy Case").

3.      Derek Jensen (the "Debtor" or "Jensen") is the debtor in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on January 22, 2015 (the "Petition Date").

4.      Plaintiff is informed and believes, and on that basis alleges thereon, that all times mentioned herein, defendant Dillant Manzueta ("Manzueta") is an individual that has conducted business within the jurisdiction of this Court.

## GENERAL FACTUAL ALLEGATIONS

5.      The instant complaint (the "Complaint") against the Defendants initiates an adversary proceeding in which Plaintiff is seeking a declaratory judgment which determines the ownership of certain monies that were in two (2) bank accounts at Wells Fargo Bank ("WFB") bearing account numbers, xxx-xxx-0602 and xxx-xxx-0563, respectively (collectively, the "Accounts") on the Petition Date.

6.      The vesting on the Accounts shows that only the Debtor owned the Accounts.

7.      Shortly after the Petition Date, Plaintiff received a notice from WFB that it was holding the sum of $99.01 in account number 0602 and the sum of $84,721.27 in account number 0563 (collectively, the "Monies").

8.      Based upon the notice Plaintiff received from WFB, Plaintiff instructed WFB to turnover the Monies to him.  Plaintiff is currently holding the Monies in his Estate trust account.

COMPLAINT FOR DECLARATORY RELIEF - CASE NO. 2:15-BK-10952 RN

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

9.    The Debtor did not disclose the existence of the Monies on his originally filed Schedule B of the petition and schedules, instead stating that there was only $600.00 in the WFB Accounts as of the Petition Date.

10.    On or around January 27, 2015, Debtor contacted Plaintiff to advise him that the Monies were a loan that was given to him.

11.    On January 27, 2015, Debtor filed an amended Schedule B and Schedule C in which for the first time, Debtor disclosed the existence of the Monies and claimed an exemption in the Monies pursuant to California Code of Civil Procedure ("CCP") § 703.140(b)(5) in the amount of $23,825.00 (the "Exemption").

12.    Prior to being examined at his meeting of creditors held pursuant to 11 U.S.C. § 341(a) of the Code, the Debtor produced a document entitled "Purchase Agreement" which purports to represent that the Monies (approximately $80,000) were loaned to the Debtor by Manzueta (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "1."

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against All Defendants)

13.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

14.    An actual controversy has now arisen and now exists between Plaintiff and Defendant concerning the ownership of the Monies as of the Petition Date.

15.    Plaintiff desires a judicial determination of his rights and duties and a declaration as to whether or Plaintiff's or Defendants' interpretation of their respective rights is correct.

///

///

///

///

///

///

COMPLAINT FOR DECLARATORY RELIEF - CASE NO. 2:15-BK-10952 RN

1    **WHEREFORE**, Plaintiff prays for judgment as follows:

2        1.    For a judgment declaring that the Monies belonged to the Debtor as of the Petition

3    Date by virtue of his possession of them in the Accounts and by claiming an Exemption in them.

4        2.    For such other and further relief as the Court deems just and proper.

5

6    Dated:  10/30/15                    **LAW OFFICES OF LARRY D. SIMONS**

7

8                                        _____

9                                        Larry D. Simons
                                         Attorney for Wesley H. Avery, Chapter 7 Trustee

10

11

**Law Offices of Larry D. Simons**
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX  626.389.5607

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF - CASE NO. 2:15-BK-10952 RN

# EXHIBIT 1

04/13/15 09:40AM PDT  ->

# PURCHASE AGREEMENT

1. **Parties:** The undersigned is Derek Jensen, the Purchaser, and the Lender is Diliant Manzueta

2. **Date of Agreement:** January 14, 2015

3. **Promise to Purchase:** Within 1 (one) months from today, Borrower promises to pay to Lender Diliant Manzueta dollars ($0.00) Surplus Material Only and zero interest as well as other charges avowed below.

4. **Accountability:** Although this agreement may be signed below by more than one person, each of the undersigned understands that they are each as individuals responsible and jointly and severally liable for paying back the full amount.

5. **Breakdown of Loan:** Purchaser will provide service as Auction representative and shipping and processing of materials purchased at Auction. Purchaser will retain a 10% comission as payment for services.

   Amount of Loan: $80,000.00

   Other (Describe) $0

   Amount financed: $0

6. Finance charge: $0

   Total of payments: $0

   **ANNUAL PERCENTAGE RATE:** N/A

7. Borrower will purchase Medical Surplus and provide shipping of all material to the port of Haina in the Dominican Republic via land sea shipping company.

8. **NOTES on Purchase:** _REVIEW ON APRIL 15, 2015_

9. **Default:** If for any reason Purchaser does not succeed to win surplus at auction the Purchaser shall return the complete $80,000.00 to the Lender. If Purchaser has not returned the full amount of the loan when the 30 days is up, the Lender will charge Purchaser interest on the unpaid balance at 10 (ten) percent (%) per year.

10. **Collection fees:** If this note is placed with a legal representative for collection, then Purchaser agrees to pay an attorney's fee of fifteen percent (15%) of the voluntary balance. This fee will be added to the unpaid balance of the loan.

11. **Co-borrowers:** Any Co-borrowers signing this agreement agree to be likewise accountable with the borrower for this loan.

Agreed:

_____
Borrower
_Purchaser_

_____
Lender

_____
Borrower

FORM B104 (08/07)                                                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Wesley H. Avery, Chapter 7 Trustee | DEFENDANTS<br>Derek Jensen and Dillant Manzueta |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Larry D. Simons<br>Law Offices of Larry D. Simons<br>15545 Devonshire Street, Suite 110<br>Mission HIlls, CA 91345   TEL: 818.672.1778 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Relief to Determine Ownership of Monies

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61 -Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71 -Injunctive relief - imposition of stay

☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01 -Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

American LegalNet, Inc.
www.FormsWorkflow.com

Other Relief Sought
Judgment to Determine Ownerhip of Monies held by Trustee

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Derek Jensen | | BANKRUPTCY CASE NO.<br>2:15-bk-10952 RN |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE<br>R. Neiter |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>10/30/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Larry D. Simons, Attorney for Wesley H. Avery, Plaintiff |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Larry D. Simons CLS-B  CBN 179239<br>Frank X. Ruggier CLS-B CBN 198863<br>larry@lsimonslaw.com; frank@lsimonslaw.com<br>LAW OFFICES OF LARRY D. SIMONS<br>15545 Devonshire Street, Suite 110<br>Mission Hills, CA 91345<br><br>T: 818-672-1778; F: 626-389-5607<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>DEREK JENSEN, an individual | CASE NO.: 2:15-bk-10952 RN<br><br>CHAPTER: 7 |
|---|---|
| Debtor(s). | ADVERSARY NUMBER: |
| WESLEY H. AVERY, Chapter 7 Trustee<br><br>Plaintiff(s)<br><br>Versus<br><br>DEREK R. JENSEN, an individual, DILLANT MANZUETA, an individual<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** <u>1645</u> | **Place:**<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                      Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                Page 2                F 7004-1.SUMMONS.ADV.PROC